The opinion of the court was delivered by
Breaux, J.
The executor’s account of administration of the succession of the late Robert H. Short was opposed by legatees and creditors of the succession.
The grounds of opposition were considered and decided and the account approved by a judgment of the district court.
*1486 The city of New Orleans was one of the opponents, and claimed taxes due for 1883, upon property situated corner of Prytania and Fourth streets.
This claim was allowed by the District Oourt with interest and costs, but without privilege.
The claim is opposed before this court by the executor and the attorney of absent heirs, who contend that the judgment is erroneous for the reason that the tax lien is prescribed.
They also complain of the court’s action in permitting the filing of a document after the evidence had been closed and the case argued and submitted.
In reference to this document the record discloses that at the time the case was submitted, after argument, the court reserved the right to the city to introduce it in evidence.
In accordance with the reservation the document was admitted in evidence.
In the absence of any testimony and of any objection of record, this court presumes that the District Court properly exercised its discretion and admitted the evidence in compliance with the reservation, and after sufficient notice to all parties concerned.
Entries in the note of evidence, made in the performance of his duty by a public officer are prima facie evidence of the facts stated.
The claim is for $105.80, balance of taxes for 1883.
The tax bill is not of record.
Without it, to prove that the amount is due, on property in the name of Wormald, of which R. H. Short was the owner, the claim can not be recovered of the latter’s succession.
The court a qua correctly decided that the title which stood in Wormald’s name when the tax of 1883 was assessed had been annulled and that the property belonged to Ool. Short, who paid $450.12 on the tax bill of 1883 for $556.
The judgment also decrees that an amount is due to the city of New Orleans for the taxe.s of 1889 and 1891, with interest and costs secured by privilege.
There is no claim in the opposition of that city for the taxes of those years. The judgment is, in this respect, ultra petitem.
The claim of the attending physician, Dr. Joseph Jones, for medical services rendered during the last illness of the late R. H. Short, was carried on the executor’s account for $1000, subject to a credit of $500, amount paid on account.
*1487 The appellants contend that the amount of the judgment in his favor is excessive, and pray to have it reduced.
Dr. Jones was the family physician and the friend of the deceased.
The patient’s condition required careful medical attention.
Operations were performed requiring skill, to alleviate his sufferings. ,
He made 282 professional visits — there were day visits and night visits — he treated the patient surgically at different times and was detained a number of extra hours (beyond the professional visits necessary) in the administration of medicines and nourishment; the patient refusing to receive them from- any other hands than those of his physician.
The professional services rendered and surgical operations performed are detailed in the account sworn to as correct and proved by reference to the memoranda of visits and services kept by the physician, proved upon examination, without objection.
The patient was taken ill in January and in April was confined to his bedroom. From April until the date of his death in August, the attendance was constant; from one to twice and three times a day, and oftentimes at night; he was in a feeble and delirious state. There was a complication of diseases, requiring the skilful and faithful attention which was rendered.
Dr. Ike Scott testified that he has been a practising physician over forty years and considers the charges for fourteen operations for prolapsis of the rectum, §140, very reasonable, and that the charges for the other services are reasonable.
He considers the required attention of an hour more than a visit.
Dr. Thomas testifies that he charges §3, and night visits $5, and that for a visit requiring more than thirty minutes he would charge for extra time.
This un contradicted evidence sustains the correctness of the judgment.
We agree with the district judge in fixing the charges for each visit at $3 instead of $4 as charged, and that in all other respects the proof fully sustains the charges made.
It does not appear that the physician exceeded the scope of his authority in the number of visits he saw proper to make, in the surgical operations performed and the medical attention given to the patient.
*1488 In so far as relates to the claim of Frank Stewart, carried on the executor’s account for $100, and also opposed by the creditors and legatees, the testimony shows he bought warrants for the deceased, attended to the assessment of his property and gave other attention to his business, for which it is proved that the charge was moderate.
The claim is not stale nor prescribed. ^ They were rendered within three years preceding the death of R. H. Short.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by dismissing the claim of the city of New Orleans for the taxes of 1888, $105.12, reserving to this opponent whatever right it may have for recovering this tax.
In reference to the taxes of 1889 and 1891 the account remains unchanged but the judgment is amended so as not to include “ the further sum of $467.60, with 10 per cent, per annum interest from August 9, 1891, for the tax of 1891.”
As amended the judgment is affirmed.